UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                      Case No. 22-40755

LYNN BETH BAUM,                        Chapter 13

                 Debtor.                               Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING HOWARD BAUM'S
MOTION TO CONVERT OR DISMISS THIS CASE (DOCKET # 196)**

       This case came before the Court for a telephonic hearing on November 10, 2022, on several motions, including the motion filed by Howard Baum, entitled "Howard Baum's Motion To Convert Or Dismiss Bankruptcy Proceeding For Bad Faith" (Docket # 196, the "Motion"). In the Motion, Howard Baum primarily seeks an order converting this case to Chapter 7, and in the alternative, seeks dismissal of the case. Alliance Equities, LLC filed a concurrence in the Motion (Docket # 216). State court receiver Henry Nirenberg filed a limited concurrence, arguing for a dismissal of this case, with a 180 day bar to refiling, rather than a conversion to Chapter 7 (Docket # 231). The Debtor and the creditor The Findling Law Firm, PLC, filed objections to the Motion (Docket ## 212, 213). Howard Baum then filed replies to the objections (Docket ## 233, 234).

       At the conclusion of the November 10, 2022 hearing, the Court took the Motion under advisement. For the following reasons, the Court will deny the Motion.

       The Court has considered all relevant parts of the record of this bankruptcy case, all of the exhibits filed by the parties, and all of the oral and written arguments of the parties regarding the Motion. And the Court has considered, among other things, the totality of the circumstances and all of the factors identified in *Alt v. United States* (*In re Alt*), 305 F.3d 413, 420 (6th Cir. 2002).

       The Court finds and concludes as follows:

1. The Debtor filed this Chapter 13 case, and has prosecuted the case to date, for all of the following reasons: (a) to use the bankruptcy automatic stay, this bankruptcy case, and the principles established by such cases as *Honigman v. Comerica Bank* (*In re Van Dresser Corp.*), 128 F.3d 945, 947-48 (6th Cir. 1997); and *In re Spiech Farms*, LLC, 603 B.R. 395, 407-08 (Bankr. W.D. Mich. 2019),[1] to maximize the value and the ultimate amount of proceeds from the

---

[1] During a lengthy hearing held in this case on July 14, 2022, the Court explained its view of these two cases and how they appear to impact this case. A transcript of that hearing was filed in this case on September 27, 2022, at Docket # 215. The Court incorporates its statements about this subject by reference, and reiterates them now. *See* Tr. of July 14, 2022 Hr'g. (Docket # 215) at 42-43, 53-54.

Debtor's assets, which consist mainly of the Debtor's lawsuit claims, pending in state court; (b) thereby both to benefit the Debtor's creditors (including the Debtor's attorney in the state court lawsuits as well as all of the Debtor's other creditors) and to benefit the Debtor herself; ***and*** (c) to pay the Debtor's creditors in full. Taken together, this ***combination of reasons*** is not improper, does not amount to bad faith, and does not amount to any abuse of the bankruptcy system.

2. The Debtor has a large pre-petition judgment against Fraser Equities, LLC ("Fraser"). Pre-petition, and without any request by the Debtor, the state court appointed a receiver over the property of Fraser. The current state court receiver is Henry Nirenberg ("Nirenberg"). The Debtor feared that Nirenberg would successfully attempt, without the Debtor's consent, to settle certain claims that the Debtor believes she has, as a judgment creditor of Fraser, to the Debtor's detriment. The Debtor filed this bankruptcy case, in large part, at least, in order to try to prevent that outcome. The Debtor hoped, and continues to hope, ultimately to obtain from her state court litigation enough in proceeds to pay all of her creditors in full, including but not limited to her state court attorney, and still to have a significant surplus amount left for herself.

3. The Court finds the following statements and arguments by the Debtor, and by the Debtor's counsel who filed this bankruptcy case (David Findling), (a) to be accurate statements of why the Debtor filed and has prosecuted this Chapter 13 bankruptcy case; and (b) as showing that the Debtor filed this bankruptcy case in good faith and not for an improper purpose:

> ***Statements by the Debtor:***
>
>> Contrary . . . to the typical case when a receiver is appointed and a debtor files bankruptcy to avoid the potential collection action and seizure of assets[, i]n the Debtor's case the roles are reversed. The judgment creditor (Debtor), whom did not request a receiver, was forced to seek bankruptcy protection and invoke the automatic stay to protect her claims (assets) due to [the] receiver[']s stated purpose to compromise her claims to her detriment.
>>
>> The Debtor was not using the bankruptcy court as a court of appeals regarding the receivership motions, the Debtor was invoking the automatic stay to protect her assets.
>> . . .
>>
>> The Debtor fully intends to use the Chapter 13 filing to liquidate her claims pending in the state court and pay off her debts through the Chapter 13 plan. [The Debtor is a]ttempting to pay creditors in full using not only funds from the claims that the Debtor has related to the fraudulent scheme of Howard Baum, but also her own non exempt funds.
>> . . .

The Debtor was acting to protect her interest in her claims pending in the state court. The Debtor's action by filing the Chapter 13 also increased her recovery since the state court receiver is unable to pay himself from recovered funds. Further, the bankruptcy estate was enhanced because a creditor and the estate cannot both recover on the same claims, the estate's recovery takes precedence. *In re Spiech Farms, LLC* 606 B.R. 395 (2019) and *In re Van Dresser* 128 F.2d 945.
. . .

The Debtor filed chapter 13 for two reasons[:] . . . 1) to pay her unsecured creditors in full and 2) to protect her assets by invoking the automatic stay.
. . .

The facts of this case are a special circumstance. The Debtor was faced with the stark reality that after years of attempting to collect the funds that were transferred out the martial estate a third party was going to compromise her claims and get paid a premium to do so. The Debtor had to protect her rights and invoke the automatic stay.
. . .

The Debtor is paying all of the fimds collected in her state court claims to the Chapter 13 Trustee and has $35,398.33 of her own funds to help fund the plan.
. . .

The Debtor[] is not funding her 100% to unsecured creditors plan solely from the recovery of claims of her bankruptcy estate. The Debtor has paid $35,398.23 from non-exempt funds, of which no charging lien of any attorney attaches. Therefore, the sources of recovery as outlined in the Debtor's current plan pending in this case are as outlined as follows:

A. Payment of $35,398.33- paid from non exempt funds of Debtor's bankruptcy estate

B. Payment of $12,786.20 from American Express-settlement approved and being processed by American Express. . . .

C. Payment of $86,521.00 from funds held by the Oakland County Circuit Court stemming from the violation of an injunction by

3

> Frank & Frank- . . . [O]n September 20, 2022 the state court ordered those funds released to the Chapter 13 Trustee. . . .
>
> D. Payment of Balance to pay off case (Oakland County Circuit Court is holding $370,000.00 of funds related to the violation of an injunction)- . . .
> . . .
>
> [Unsecured claims filed, according to the claims register for this case [which are to be paid 100%] include] Claim[] #1 Ford Motor Credit LLC $3,236.19, Claim[] #2 Aidvantage on behalf of Dept of Ed Loan Service $17,933.81, Claim #8 Sheldon Olson $10,000.00. . . .
>
> The Debtor's filing was not done with an improper purpose. The Debtor having been the victim of a fraudulent scheme by the movant and her ex spouse saw that her claims would be compromised over her objection and diluted by the fees and costs of a receiver and filed bankruptcy to protect her claims and invoke the bankruptcy stay. The Debtor filed her bankruptcy to protect her claims and to also and importantly pay her creditors in full over the course of her Chapter 13 plan.[2]

**Statement by David Findling:**

> Debtor filed for bankruptcy to seek protection from the Receiver. Debtor did not file in an attempt to reverse the State Court's denial of her motion to discharge the Receiver. Her filing was born out of her fear that Howard Baum and the Receiver would reach a settlement which was not in her best interests or those of her creditors.[3]

4. The **combination of reasons** for the Debtor's filing and prosecution of this Chapter 13 case, summarized in paragraphs 1 and 2 above, is fully consistent with what Howard Baum argues is "the underlying purpose and spirit of Chapter 13," namely "financial rehabilitation through repayment of debt." *See* "Brief if Support of Howard Baum's Motion to Convert or Dismiss Bankruptcy Proceeding for Bad Faith" (Docket # 196-1) at 15 (citing *Condon v. Brady* (*In re*

---

[2] "Debtor's Response to Howard Baum's Motion to Convert or Dismiss Bankruptcy Proceeding for Bad Faith" (Docket # 212) at 2-5, 7-8, 10.

[3] "Creditor, The Findling Law Firm Response and Objections to Howard Baum's Motion to Convert or Dismiss Bankruptcy Proceeding for Bad Faith" (Docket # 213) at 6.

4

*Condon*), 358 B.R. 317, 326 (B.A.P. 6th Cir. 2007)).

5. Contrary to Howard Baum's argument, the Debtor's first proposed plan filed in this case (Docket # 22) does not demonstrate bad faith on the Debtor's part. That plan certainly was something less than a stellar work product by the Debtor's then-attorney, David Findling. But that plan did state in at least one place (Section II.C on page 2) that the Debtor was proposing to pay "a 100% dividend to [her] unsecured creditors," and the "Plan Summary" on the first page of that plan stated that the "[m]inimum dividend to Class 9 creditors" (*i.e.*, the general unsecured creditors) was "$1,573,359.15." This is the same amount that the Plan's "Liquidation Analysis" (Attachment 1 on page 10) listed as the "Amount Available in Chapter 7." In context, that clearly implied that in order to confirm a plan, the Debtor would have to pay her unsecured creditors either 100% of their allowed claims or at least $1,573,359.15, whichever was less. *See* 11 U.S.C. § 1325(a)(4).

6. In any event, the Debtor later amended her plan, three times,[4] and each time, beginning with her first amended plan, filed April 27, 2022,[5] the Debtor clearly proposed to pay 100% of the allowed unsecured claims, plus 3.00 % interest per annum.

7. There is no "cause" under Fed. R. Bankr. P. 1307(c) to convert or dismiss this case.

8. The Debtor did not file this Chapter 13 bankruptcy case for an improper purpose.

9. The Debtor did not file this Chapter 13 bankruptcy case in bad faith.

10. The Debtor's filing of this Chapter 13 bankruptcy case was not an abuse of, or an attempt to abuse, the bankruptcy system.

11. The Debtor's filing of this Chapter 13 bankruptcy case was not an attempt to collaterally attack, or otherwise *impermissibly* to evade or avoid, any orders of the state court in the pending Fraser receivership proceeding. Rather, it was merely a bona fide attempt to take advantage of federal bankruptcy law, and to do so in a way that could only be helpful, and perhaps very helpful, to the Debtor's creditors and to the Debtor herself.

12. There is no valid basis shown, in connection with the Motion, for this Court to sanction the Debtor or any other party in any way. None of the positions, arguments, or papers filed by any of the parties relating to this Motion were frivolous or made in bad faith or for any improper purpose.

    For these reasons,

---

[4] Docket ## 105, 111, 160.

[5] Docket # 105.

IT IS ORDERED that the Motion (Docket # 196) is denied, in its entirety.

IT IS FURTHER ORDERED that any and all requests by any party for sanctions are denied.

**Signed on November 22, 2022**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**