UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 22-40755

LYNN BETH BAUM,  Chapter 13

      Debtor.  Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING THE DEBTOR'S CONTEMPT MOTION
(DOCKET # 190), AND GRANTING FURTHER STAY RELIEF**

      This case came before the Court for a telephonic hearing on November 10, 2022, on several motions, including the Debtor's motion entitled "Motion For A Finding Of Contempt For Violation Of The Automatic Stay, [etc.]" (Docket # 190, the "Motion"). The Findling Law Firm, PLC and David Findling jointly filed a concurrence in the Motion (Docket # 205). The Motion respondents (the "Respondents") are attorneys Jerome Frank, Tami Salzbrenner and Joseph Grekin, and their clients Howard Baum, Fraser Equities, LLC, and Madison Equities, LLC. The Respondents filed objections to the Motion (Docket ## 202, 208).

      At the conclusion of the November 10, 2022 hearing, the Court took the Motion under advisement.

      The Court has considered all relevant parts of the record of this bankruptcy case, all of the exhibits filed by the parties, and all of the oral and written arguments of the parties regarding the Motion. For the following reasons, the Court will deny the Motion.

      The Court finds and concludes that none of the actions by the Respondents, alleged in the Motion to have violated the automatic stay, violated the automatic stay. More specifically, no such actions violated the automatic stay provisions of either 11 U.S.C. §§ 362(a)(1) or 362(a)(3). Respondents' actions at issue all were done in response to, and in defense against, actions taken by the Debtor in the pending state court litigation. As such, the Respondents' actions were not violations of the automatic stay. *See Madison Capital Co. v. Smith*, No. 07-27-ART, 2009 WL 1119411, at * 1-2 (E.D. Ky., April 27, 2009) (and cases cited therein); *Hayes v. Liberty Mutual Grp. Inc.*, No. 11-15520, 2012 WL 1564697, at * 4 (E.D. Mich., May 2, 2012) (and cases cited therein); *Jandous Electric Constr. Corp. v. City of New York* (*In re Jandous Electric Constr. Corp.*), 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (and cases cited therein). And this is so regardless of whether any given Respondent had standing to take the action(s) or assert the position(s) that they did in the state court.

In addition, in an Order filed on July 14, 2022 (the "July 14 Order"),[1] before the Respondents took any of the actions complained of, this Court granted relief from stay (to the extent the stay even applied), in favor of the following parties (defined in the Order as the "Movants"): Alliance Equities, LLC; Howard Baum; Law Office of Jerome D. Frank, P.C.; and Jerome D. Frank.  The July 14 Order provided, in relevant part:

> IT IS FURTHER ORDERED that to the extent the automatic stay under 11 U.S.C. § 362(a) applies, that automatic stay is modified to permit each of the Movants to defend against those claims pending in the state court action entitled *Lynn Beth Baum v David Baum, et al.*, Oakland County Circuit Court Case No. 2015-149725-CZ.
>
> IT IS FURTHER ORDERED that to the extent the automatic stay under 11 U.S.C. § 362(a) applies, that automatic stay is modified . . . to permit each of the Movants to defend against those claims pending in the state court action entitled *Lynn Beth Baum v Law Office of Jerome D. Frank, et al.*, Oakland County Circuit Court Case No. 2021-188235-CZ.[2]

This July 14 Order permitted the actions complained of that were taken by the Respondents who were among the "Movants" as defined by the Order — *i.e.*, Howard Baum and Jerome D. Frank.  All those actions were actions "to defend against" claims pending in the referenced state court actions.

Furthermore, the Court finds cause, under 11 U.S.C. § 362(d)(1), to extend the stay relief that was provided by the July 14 Order to all of the Respondents, and to all other persons or entities other than the state court receiver, and to do so retroactively by annulling the automatic stay to that extent.  Under 11 U.S.C. §§ 105(a) and 362(d)(1), the Court will order that relief now, *sua sponte*, in the Order below.

The Debtor's Motion alleges, among other things, that one or more of the Respondents made certain *false* oral and/or written statements to the state court, including false statements about what this Court had stated and/or ruled during and after the July 14, 2022 hearing in this Court.  But even if any of the Respondents made any false statements to the state court, that would not in and of itself constitute a violation of the automatic stay.  Rather, making any false statements to the state court would be a matter for the state court to address, if and as that court sees fit.

---

[1] Order Granting, in Part, Motion Regarding the Automatic Stay Applicable to Removed Claims (Docket # 152).

[2] *Id.*

For all of these reasons, the Debtor's Motion must be denied in its entirety.

The Respondents request that the Court sanction the Debtor and award them fees and expenses. The Court will deny that relief, because there is no valid basis for such relief. The Motion was not frivolous and was not filed in bad faith.

Accordingly,

IT IS ORDERED that the Motion (Docket # 190) is denied.

IT IS FURTHER ORDERED that the Respondents' request for sanctions, including an award of attorney fees and expenses, is denied.

IT IS FURTHER ORDERED that to the extent the automatic stay under 11 U.S.C. § 362(a) applies, that automatic stay is modified to permit each and every person and entity, other than any state court receiver, to defend against any claims brought by the Debtor, Lynn Beth Baum, in any action in state court, including in the state court actions entitled *Lynn Beth Baum v David Baum, et al.*, Oakland County Circuit Court Case No. 2015-149725-CZ and entitled *Lynn Beth Baum v Law Office of Jerome D. Frank, et al.*, Oakland County Circuit Court Case No. 2021-188235-CZ.

IT IS FURTHER ORDERED that under 11 U.S.C. § 105(a), and for cause under 11 U.S.C. § 362(d)(1), the automatic stay is annulled, to the extent of granting the stay relief provided by the preceding paragraph of this Order, retroactive to the date of the bankruptcy petition in this case (February 2, 2022).

IT IS FURTHER ORDERED that the entirety of this Order is effective immediately upon entry of this Order, and the 14-day stay under Fed. R. Bankr. P. 4001(a)(3) does not apply to this Order.

**Signed on November 22, 2022**    /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**