UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 22-40755

LYNN BETH BAUM,                       Chapter 13

                Debtor.                               Judge Thomas J. Tucker
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
JOHN POLDERMAN'S MOTION FOR RELIEF FROM
THE AUTOMATIC STAY (DOCKET # 168)**

        This case came before the Court for a telephonic hearing on November 10, 2022, on several motions, including the former state court appointed receiver John Polderman's motion, entitled "Motion of State Court Appointed Receiver John Polderman, For Relief From The Automatic Stay To Proceed With State Court Proceedings" (Docket # 168, the "Motion"). The Debtor filed an objection to the Motion (Docket # 177). Howard Baum and Fraser Equities, LLC jointly filed what they called a "limited concurrence" in the Motion (Docket # 182).

        At the conclusion of the November 10, 2022 hearing, the Court took the Motion under advisement.

        The Court has considered all relevant parts of the record of this bankruptcy case, all of the exhibits filed by the parties, and all of the oral and written arguments of the parties regarding the Motion. For the following reasons, the Court will grant the Motion in part and deny it in part.

        The Court finds and concludes as follows.

1. First, the Motion in part is now moot. It is moot to the extent the Motion sought relief from stay with respect to a hearing that was held in the state court on August 3, 2022.

2. Second, the Motion otherwise is not moot.

3. Third, the Court finds cause, under 11 U.S.C. § 362(d)(1), to grant limited stay relief, in the form of the relief ordered below.

4. On the one hand, it is appropriate, and there is cause, to modify the automatic stay to permit all of the following: (a) for John Polderman to continue to seek approval by the state court of attorney fees and costs, and for the Debtor and any other person or entity to respond to such efforts by John Polderman; (b) for the state court to decide the amount of fees and costs to be approved, if any; and (c) for the state court to decide what the source of John Polderman's approved fees and costs would be under applicable state law, ***but for*** the filing and pendency of

this Chapter 13 bankruptcy case.[1] The state court, and not this Court, should determine those issues, and stay relief will be granted to permit this.

5. On the other hand, it is appropriate for this Court, rather than the state court, to decide whether, how, and to what extent the filing and pendency of this Chapter 13 bankruptcy case affect what source(s) of payment are still permissible, if any, for the payment of any of John Polderman's fees and costs that are approved by the state court. This question may arise in this bankruptcy case, depending on what the state court rules about the issues described in paragraph 4 above, in light of such cases as *Honigman v. Comerica Bank* (*In re Van Dresser Corp.*), 128 F.3d 945, 947-48 (6th Cir. 1997); and *In re Spiech Farms*, LLC, 603 B.R. 395, 407-08 (Bankr. W.D. Mich. 2019).[2] So to the extent the automatic stay applies, it will not be modified at this time to permit the state court to actually order the payment of any fees and costs to John Polderman from any particular source.

    For the foregoing reasons,

    IT IS ORDERED that:

A. The Motion is granted to the extent of the relief provided by this Order, and otherwise is denied.

B. To the extent the automatic stay applies, it is modified to permit all of the following: (a) for John Polderman to continue to seek approval by the state court of attorney fees and costs, and for the Debtor and any other person or entity to respond to such efforts by John Polderman; (b) for the state court to decide the amount of fees and costs to be approved for John Polderman, if any; and (c) for the state court to decide what the source(s) of John Polderman's approved fees and costs would be under applicable state law, **but for** the filing and pendency of this Chapter 13 bankruptcy case.

C. To the extent the automatic stay applies, it will not be modified at this time to permit the state court to actually order the payment of any fees and costs to John Polderman from any particular source.

---

    [1] At the November 10, 2022 hearing, this Court was informed that the most recent state court order regarding John Polderman's request for approval of fees and costs is the order dated October 22, 2021, entitled "Order Regarding Receiver's Fees and Costs." A copy of that order appears in the record of this bankruptcy case at Docket # 168, Ex. D.

    [2] During a hearing held in this case on July 14, 2022, this Court explained its view of these two cases and how they may impact this case. A transcript of that hearing was filed in this case on September 27, 2022, at Docket # 215. The Court incorporates its statements about this subject by reference, and reiterates them now. *See* Tr. of July 14, 2022 Hr'g. (Docket # 215) at 42-43, 53-54.

D.  If and after the state court rules on the issues described in paragraph B of this Order, above, John Polderman may file a new motion in this Court, seeking further relief from the automatic stay, including stay relief that would permit the state court to actually order the payment of any fees and costs to John Polderman from a particular source.

E.  This Order is effective immediately upon the entry of this Order, and the 14-day stay under Fed. R. Bankr. P. 4001(a)(3) does not apply to this Order.

**Signed on November 22, 2022**      /s/ Thomas J. Tucker
                                                        **Thomas J. Tucker**
                                                        **United States Bankruptcy Judge**