UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                            Case No. 22-40755

LYNN BETH BAUM,                              Chapter 13

                 Debtor.                                 Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING THE MOTION BY DAVID FINDLING AND THE FINDLING LAW FIRM, PLC TO PROHIBIT OR CONDITION THE CHAPTER 13 TRUSTEE'S USE OF CASH COLLATERAL**

This case is before the Court on a motion filed by attorney David Findling and the Findling Law Firm, PLC (collectively, "Findling"), entitled "Motion to Prohibit or Condition The Chapter 13 Trustee's Use of the Cash Collateral of Secured Creditors, Attorney David Findling and the Finding Law Firm, PLC" (Docket # 266, the "Motion"). Three objections to the Motion were filed, by the Debtor Lynn Beth Baum (Docket # 271); the Chapter 13 Trustee, Tammy L. Terry (Docket # 272), and the creditor Howard Baum (Docket # 273).

The Court concludes that a hearing on the Motion is not required, and that the Motion should be denied, for the following reasons.

The Motion and its supporting brief (Docket # 267) fail to adequately demonstrate any of the following: (1) the total amount of fees owing to Findling; (2) whether and when the Chapter 13 Trustee actually has "used" any of Findling's alleged cash collateral to date; (3) whether there is any likelihood that the Chapter 13 Trustee will "use" any of Findling's alleged cash collateral in the future, except possibly based on, and only after, the confirmation of a Chapter 13 plan in this case (which confirmation will not occur without Findling having had an opportunity to object to confirmation).

Furthermore, Findling's claim is not yet an allowed claim, because the Trustee recently filed an objection to that claim, which is scheduled for a hearing on April 6, 2023 (Docket # 270). *See* 11 U.S.C. § 502(a).

In their brief, Findling alleges that the Chapter 13 Trustee has collected a trustee's fee of 8% of the settlement proceeds that have been paid to the Trustee in this case, under 28 U.S.C. § 586(e)(2), but that all of the settlement proceeds are subject to Findling's lien. Findling argues that the Court should "reverse" this Trustee fee payment to the extent of $9,514.62, and that the Court should require the Trustee to "segregate" the settlement proceeds in her possession. Findling also asks the Court to order the Trustee to disburse a total of $118,932.69 in fees to Findling.

Findling's Motion fails to demonstrate that any of the requested relief is necessary to provide adequate protection of their alleged lien. The Court finds that it is not. And Findling's Motion fails to demonstrate that any of the requested relief is necessary, appropriate, and permissible at this time, in this pre-confirmation stage of this Chapter 13 case. The Court finds that it is not.

To the contrary, the Motion shows that Findling's alleged lien is adequately protected, by a significant equity cushion. Findling's brief in support of the Motion (Docket # 267 at 10-12) alleges that to date, a total of $161,787.87 in settlement proceeds have been paid to the Trustee, all of which, Findling says, are subject to Findling's lien. Findling further alleges that the fees currently due to Findling total $118,932.69. A Chapter 13 Trustee's fee of 8% of $161,787.87 equals $12,943.03. Subtracting that alleged 8% Trustee fee ($12,943.03) from the total of Findling's alleged cash collateral ($161,787.87) leaves $148,844.84. That amount exceeds

Findling's alleged fees due ($118,932.69) by $29,912.15, which means that there is an equity cushion of *at least* $29,912.15 protecting Findling's lien. The Court finds such equity cushion to be significantly more than is needed to provide adequate protection to Findling's alleged lien, under 11 U.S.C. § 363(e). And there appears to be no possibility that this equity cushion will decline by any amount before a plan is confirmed in this case, because going forward, the Trustee will not be making any disbursements from the settlement funds before that time. (And Findling has had the opportunity to timely object to the treatment of their claim under the Debtor's plan, on any valid ground, before a plan can be confirmed).

It remains to be seen what the allowed amount of Findling's secured claim will be in this case, and what the timing and extent of the payment(s) of that claim will be. Further proceedings will determine these issues, including proceedings on the objection to Findling's claim and proceedings regarding confirmation of a plan.

Finally, under the circumstances, it is not necessary, appropriate, or permissible for the Court to order the Trustee to disburse any amount to Findling on their attorney fee claim at this stage of this Chapter 13 case, before a plan has been confirmed, or the case has been converted or dismissed. *See generally* 11 U.S.C. § 1326(a)(2).

For these reasons,

IT IS ORDERED that the Motion (Docket # 266) is denied.

**Signed on March 6, 2023**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**

3