UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                           Case No. 22-40755

LYNN BETH BAUM,                                  Chapter 13

                Debtor.              Judge Thomas J. Tucker
_____/

**ORDER DECLINING TO MAKE A *SUA SPONTE* CERTIFICATION
UNDER 28 U.S.C. § 158(d)(2)**

On May 5, 2023, this Court did the following things in this case: (1) the Court filed an opinion regarding a motion by the Chapter 13 Trustee (Docket # 295, the "May 5 Opinion");[1] and (2) the Court entered a separate order, ruling on the Trustee's motion (Docket # 296, the "May 5 Order").[2] There is presently an appeal filed by David Findling and The Findling Law Firm (together, "Findling"), described below, that is pending in the United States District Court. The district court case number is 23-cv-11140.

In light of the pending appeal, this case is now before this Court on its own motion, to consider whether the Court should make a certification under 28 U.S.C. § 158(d)(2). That section permits the bankruptcy court to make a certification that would allow the United States Court of Appeals to "authorize[]" a "direct appeal" to itself of an appeal pending in the district court. *See* 28 U.S.C. § 158(d)(2)(A).

---

[1] The May 5 Opinion (Docket # 295) was entitled "Opinion Regarding the Chapter 13 Trustee's 'Corrected Motion Regarding Application of 11 U.S.C. §349(b)(3) and §1326(a)(2) to Funds Presently Held by the Estate.'"

[2] The May 5 Order (Docket # 296) was entitled "Order Regarding the Chapter 13 Trustee's 'Corrected Motion Regarding Application of 11 U.S.C. §349(b)(3) and §1326(a)(2) to Funds Presently Held by the Estate,' and Cancelling the May 11, 2023 Hearing."

Under this statute, the bankruptcy court may, "acting on its own motion," make the certification described in § 158(d)(2)(A), for a direct appeal of a "judgment, order, or decree." *See* 28 U.S.C. § 158(d)(2)(A). Under § 158(d)(2)(B), if the bankruptcy court, "on its own motion . . . determines that a circumstance specified in [28 U.S.C. § 158(d)(A)(i), (ii), or (iii)] exists[,]" then the bankruptcy court "shall make the certification described in [§ 158(d)(2)(A)]." *See* 28 U.S.C. § 158(d)(2)(B).

The Court has considered whether it may, or must, make the certification described in § 158(d)(2)(A) on its own motion.[3] The Court concludes that it may not make such a certification. The reason for this is that there is no "judgment, order or decree" that actually has been appealed. Findling has purported to appeal this Court's May 5 *Opinion* only. That is not an appealable judgment, order or decree. It is only an opinion. The separate May 5 *Order* is the only judgment, order, or decree, and the following facts show that Finding did not validly appeal from the May 5 *Order*.

On May 12, 2023, Findling filed a notice of appeal (Docket # 300, the "Notice of Appeal"). The Notice of Appeal identified the "judgment, order, or decree appealed from" as the following: "Opinion Re §349(b)(3) & §1326(a)(2)" entered on May 5, 2023.[4] In an apparent effort to comply with the requirement of Fed. R. Bankr. P. 8003(a)(3)(B),[5] Findling attached a

---

[3] The Court is aware that Findling filed a motion in the district court appeal on May 26, 2023, asking the district court for a direct appeal certification under § 158(d)(2)(A). After the Chapter 13 Trustee filed an objection to that motion, Findling filed a notice to withdraw the motion, on June 12, 2023. (*See* district court docket ## 3, 6, and 7). As of this writing, Findling has not re-filed that motion, either in this Court or in the district court.

[4] Notice of Appeal (Docket # 300) at pdf p. 1, Part 2 ¶ 1.

[5] That rule requires that a notice of appeal "be accompanied by the judgment, order, or decree, or the part of it, being appealed." Fed. R. Bankr. P. 8003(a)(3)(B).

copy of the May 5 Opinion to the Notice of Appeal. And when Findling filed the notice of appeal in this Court's ECF system, Findling caused the docket entry for the Notice of Appeal to link to and refer to only the May 5 Opinion (*i.e.*, Docket # 295).

No other notice of appeal has been filed. It therefore appears that there has been no appeal from this Court's May 5 *Order* (Docket # 206).

It is now too late for any timely appeal to be filed from the May 5 Order. The deadline for the filing of any notice of appeal from the Court's May 5 Order was 14 days after its entry. *See* Fed. R. Bankr. P. 8002(a)(1). That means that the deadline for filing a notice of appeal from the May 5 Order was May 19, 2023. Under Fed. R. Bankr. P. 8002(d)(1), the latest date on which any motion to extend the May 19, 2023 notice of appeal deadline could have been filed was 21 days after May 19, 2023, and then only for "excusable neglect." That deadline, therefore, was June 9, 2023. No motion to extend the notice of appeal deadline was filed.

Based on the foregoing, is appears that there is no appeal from the Court's May 5 Order pending. For this reason, this Court need not, and in fact may not, make a certification under 28 U.S.C. § 158(d)(2).[6] Accordingly,

IT IS ORDERED that this Court declines to make a certification under 28 U.S.C.

---

[6] In so ruling, the Court is aware of Fed. R. Bankr. P. 8006(d), which states that "[o]nly the court where the matter is pending, as provided in subdivision (b), may certify a direct review on request of parties or on its own motion." The May 5 Order is "pending" in this Court, for purposes of Rule 8006(d), because no notice of appeal of the May 5 Order has been filed. Rule 8006(b) provides in pertinent part that:

> For purposes of this rule, a matter remains pending in the bankruptcy court for 30 days after the effective date under Rule 8002 of the first notice of appeal from the judgment, order, or decree for which direct review is sought. A matter is pending in the district court or BAP thereafter.

Fed. R. Bankr. P. 8006(b).

§ 158(d)(2).

**Signed on June 16, 2023**  /s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**